ANGELINA R. LANE, ESQ. SBN 261511
**LAW OFFICES OF DAN D. ENDOSO & ASSOCIATES**
330 North Brand Boulevard, Suite 1200
Glendale, California 91203
Telephone: (818) 638-2050
Facsimile:  (818) 638-2051

E-Mail: ServiceLOODDE@kempercorporation.onmicrosoft.com

Attorneys for Defendant,
ALEJANDRO TELLEZ RAMIREZ

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA FRAGA<br><br>    Plaintiff,<br><br>  v.<br><br>CLIFTON HOWARD, UNITED STATES POSTAL SERVICE, ALEJANDRO TELLEZ MARTINEZ and DOES 1-100.<br><br>    Defendants. | CASE NO.: 2:22-CV-02376-FWS-AS<br>Hon. Fred W. Slaughter<br><br>**DEFENDANT ALEJANDRO TELLEZ RAMIREZ'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

Defendant, Alejandro Tellez Ramirez [erroneously sued as Alejandro Tellez Ramirez] ("Defendant"), by and through his undersigned counsel, hereby answers Plaintiff, Alicia Fraga's ("Plaintiff), first amended complaint in the captioned matter as follows:

In response to the numbered paragraphs and sentences of the first amended complaint, defendant admits, denies, or otherwise responds as follows:

### INTRODUCTION, JURISDICTION & VENUE

1. Admitted.

2. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

3. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

4. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Defendant denies that his name is Alejandro Tellez Martinez. To the extent a response is deemed required, defendant admits that his vehicle collided with the USPS vehicle but denies the allegations as phrased in this paragraph.

## PARTIES

5. Admitted. Upon information and belief UNITED STATES POSTAL SERVICE (USPS) is a federal government entity as stated in paragraph 5. Defendant lacks knowledge and information sufficient to form a belief as to remainder of the allegations contained in paragraph 5.

6. Defendant denies that his name is Alejandro Tellez Martinez but admits that he is a resident of Los Angeles County.

7. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

8. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

9. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION FOR GENERAL NEGLIGENCE
### (ALICIA FRAGA AGAINST CLIFTON HOWARD, UNITED STATES POSTAL SERVICE (USPS), ALEJANDRO TELLEZ MARTINEZ and DOES 1-100)

10. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

11. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

///

12. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

13. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations in paragraph 13.

14. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations in paragraph 14.

15. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

16. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

17. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "**WHEREFORE**" clause following paragraph 18, including subparts (19) through (34), and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiff.

## **AS A FIRST AFFIRMATIVE DEFENSE:**
## **ASSUMPTION OF RISK**

At all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed all risks attendant upon said conduct and all purported damages to be related thereto and proximately and substantially caused thereby.

### AS A SECOND AFFIRMATIVE DEFENSE:
### COMPARATIVE FAULT/COMPARATIVE NEGLIGENCE

At the time and place of the accident described in the Complaint on file herein and prior thereto, the Plaintiff did not exercise ordinary care, caution, or prudence to avoid or prevent the accident described in said Complaint, and the said accident and injuries, if any, sustained by the Plaintiff was proximately contributed to and caused by the said fault, carelessness, and negligence of Plaintiff.

### AS A THIRD AFFIRMATIVE DEFENSE:
### STATUTE OF LIMITATIONS

Defendant hereby alleges that Plaintiff did not timely file a Complaint for bodily injury against this answering Defendant in that the accident which is the subject of Plaintiff's Complaint occurred on December 16, 2019. Therefore, the claim of Plaintiff is barred by the statute of limitations.

### AS A FOURTH AFFIRMATIVE DEFENSE:
### LACHES

Defendant is informed and believes and based thereon, alleges that Plaintiff waited an unreasonable period of time before asserting her claims, if any, against Defendant, and is barred from asserting such claims under the doctrine of laches.

### AS A FIFTH AFFIRMATIVE DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES:

At all times and places mentioned in Plaintiff's Complaint, Plaintiff was negligent, careless, or otherwise at fault in and about the matters set forth in said Complaint. If Plaintiff sustained any damages or injury, the same were proximately and legally caused and contributed to by the said negligence, carelessness, or otherwise wrongful conduct of Plaintiff, which bars Plaintiff's recovery herein to the extent of Plaintiff's fault.

///
///
///

**AS A SIXTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

At all relevant times and places, Plaintiff was, or in the exercise of reasonable care, should have been aware of all the circumstances and conditions then and there existing and prevailing, but nonetheless, Plaintiff voluntarily and in full appreciation of the potential consequences thereof, exposed Plaintiff to whatever risks may have been attendant upon such circumstances and conditions. Plaintiff's recovery, if any, are therefore barred or must be diminished to an extent to be determined by the triers of fact.

**AS A SEVENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

That if said accident and/or injury were caused by negligence, the negligent acts or omissions were by others, including Plaintiff, and not by these answering Defendants.

**AS A EIGHTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

The Complaint, and each and every cause of action therein, fails to allege facts sufficient to constitute valid causes of action against these answering Defendants.

**AS A NINTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

Any acts or omissions of these answering Defendants were superseded by the acts or omissions of others, including Plaintiff, which were the sole proximate and legal causes of any injury, damage or loss to the Plaintiff, either as alleged or otherwise.

**AS A TENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

The acts and omissions of others, including Plaintiff, were intervening, independent, and proximate and legal causes of any injury, damage or loss to Plaintiff, either as alleged or otherwise.

///

///

### AS AN ELEVENTH AFFIRMATIVE DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff, at the time of the incident complained of, was in the course and scope of her employment. Plaintiff's employer and its agents, servants and employees, acting within the course and scope of their employment, were negligent, careless, and otherwise acted wrongfully in and about the matters referred to in the Complaint, which said negligence, carelessness and wrongful conduct on the part of said employer, its agents, servants and employees, proximately and legally caused or contributed to Plaintiff's alleged injuries, if there were any; that said negligence, carelessness and wrongful conduct consisted in part of the failure to use practices, means and procedures to prevent the happening of the type of incident complained of by Plaintiff.

### AS A TWELFTH AFFIRMATIVE DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES:

Defendant is informed and believe, and thereupon allege, that at the time of the incident, Plaintiff, herein, was the owner or operator of a vehicle that was not insured as required by the Financial Responsibility Laws of the State of California, and therefore, Plaintiff is not entitled to recover non-economic damages.

### AS A THIRTEENTH AFFIRMATIVE DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### AS A FOURTEENTH AFFIRMATIVE DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize the damages, if any, which Plaintiff suffered. Plaintiff has failed to exercise

reasonable efforts on her part or to reasonably have made expenditures which could have prevented the losses which plaintiff has allegedly suffered.

## AS A FIFTEENTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff was negligent, careless or otherwise at fault in and about the matters herein complained of, which said negligence or fault was the primary and sole cause of the subject incident, and the sole cause of the injuries and/or damages complained of by Plaintiff.

DATED: September 23, 2022                         DAN D. ENDOSO & ASSOCIATES

By: *Angelina R. Lane*
Angelina R. Lane, Esq.
Attorney for Defendant,
Alejandro Tellez Ramirez

# CERTIFICATE OF SERVICE

I, hereby certify that on Octoberber 4, 2022, I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via electronic filing with the Court's ECF system for notice to all counsel of record.

/ s / Alea Fultz

Alea Fultz    Our file no. K710010065