E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RANDY HSIEH (Cal. Bar No. 312087)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6585
    Facsimile: (213) 894-7819
    Email: Randy.Hsieh@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALICIA FRAGA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ALEJANDRO TELLEZ MARTINEZ,<br><br>    Defendants. | No. 2:22-cv-02376-FWS-AS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of the Central District of California, and by Order of this Court dated October 5, 2022 (ECF 35), Plaintiff Alicia Fraga and Defendants United States of America and Alejandro Tellez Ramirez, acting by and through their undersigned counsel, hereby jointly submit this report. On November 1, 2022, the undersigned parties met and conferred on this plan via Webex.

///

///

    a.    **Statement of the Case**

        <u>**Plaintiff's Statement:**</u>

Plaintiff Alicia Fraga was in her Toyota Corolla traveling westbound on Rancho Vista Blvd. in the City of Palmdale, California. She came to a stop at the intersection of 25th Street West at a red light. A few seconds later the left rear of her vehicle was struck from behind by a USPS truck. After the first collision with Plaintiff Fraga's car the USPS truck ricochet to the left and struck a red corvette - also stopped at the red light. A few seconds after the USPS truck was hit from behind on the right corner bumper by a Toyota Tundra driven by Mr. Alejandro Ramirez. That impact did not make contact with Plaintiff Fraga's vehicle.

<u>**Defendant United States' Statement:**</u>

This case arises out a motor vehicle collision on December 16, 2019 at or around 1:58 p.m. in Palmdale, CA between Plaintiff Alicia Fraga's ("Fraga") vehicle, a certain 2011 Toyota Yaris, Defendant Alejandro Tellez Ramirez's ("Tellez Ramirez") vehicle, a certain 2004 Toyota Tundra, Mr. Sam J. Vaiana's ("Vaiana") vehicle, a certain 2008 Chevrolet Corvette, and United States Postal Service ("USPS") carrier vehicle, a certain Dodge Promaster van. All four vehicles were traveling westbound on Rancho Vista Boulevard when the collision occurred. The United States denies liability for the subject collision. Further, the United States denies liability for Plaintiff's claimed injuries and any property damage.

<u>**Defendant Tellez Ramirez's Statement:**</u>

On December 16, 2019, at approximately 2:00 p.m., a USPS driver was travelling westbound on Rancho Vista Blvd. in the City of Palmdale, California. The USPS driver collided with Plaintiff Fraga's vehicle and then hit a non-party vehicle who was in the left-hand turn lane and then the USPS driver collided with Plaintiff Fraga. Defendant Tellez Ramirez was unable to stop and rear-ended the USPS driver. This impact did not cause a second impact to Plaintiff Fraga's vehicle.

///

    **b.    Subject Matter Jurisdiction**

The Court has original jurisdiction over Plaintiff's claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

    **c.    Legal Issues**

    <u>**Plaintiff's Statement:**</u>

Plaintiff is fault-free for this collision. Plaintiff Fraga is informed and believes that the defendants dispute liability, each blaming the other for the negligent driving that injured Plaintiff Fraga.

    <u>**Defendant United States' Statement:**</u>

Defendant identifies the following anticipated legal issues in this matter:

- Whether Plaintiff can present a *prima facie* case of actionable negligence against the United States.

- If, assuming *arguendo* Plaintiff presents a *prima facie* case of negligence, whether Plaintiff and/or co-Defendant Tellez Ramirez bear any comparative fault.

- If, assuming *arguendo* Plaintiff presents a *prima facie* case of negligence, whether Plaintiff and/or co-Defendant Tellez Ramirez bear responsibility for Plaintiff's claimed damages, property, physical, and psychological.

    <u>**Defendant Tellez Ramirez's Statement:**</u>

Defendant identifies the following anticipated legal issues in this matter:

- Whether Plaintiff can present a *prima facie* case of actionable negligence against Tellez Ramirez.

- If, assuming *arguendo* Plaintiff presents a *prima facie* case of negligence, whether Plaintiff and/or co-Defendant United States of America bear any comparative fault.

- If, assuming *arguendo* Plaintiff presents a *prima facie* case of negligence, whether Plaintiff and/or co-Defendant United States of America bear responsibility for Plaintiff's claimed damages, property, physical, and psychological.

///

### d. Damages

Plaintiff suffered the following injuries:

Cervical disc herniation, cervical stenosis of spinal canal, annular tear of lumbar disc, lumbar disc herniation with radiculopathy, lumbar stenosis without neurogenic claudication, head trauma resulting in concussion and post-concussion headaches and symptoms.

Cervical disc replacement surgery has been recommended, and lumbar laminectomy and discectomy are to follow.

Plaintiff demanded $500,000.00 in the pendency of her administrative claim to USPS. The value of her injuries reasonably exceeds that amount.

Defendant United States denies that Plaintiff suffered any damages resulting from its conduct. Plaintiff is not entitled to pre-judgment interest against the United States. See 28 U.S.C. § 2674. Plaintiff's damages are limited to the amount set forth in her administrative claim. See 28 U.S.C. § 2675(b).

Defendant Tellez Ramirez denies that Plaintiff suffered any damages resulting from his conduct.

### e. Parties and Evidence

**Plaintiff's Statement:**

Parties are Plaintiff Fraga, Defendant United States, and Defendant Ramirez. Percipient witnesses include: Plaintiff Fraga, Defendant Ramirez, United States employee Clifton Howard, Sam Viana (Corvette driver), Sheriff's Deputy Nicholas Saylor, Michelle Weber. Expert witnesses are to be determined, but will support liability and damages claims of Plaintiff Fraga against Defendants. Evidence will include testimony of parties, percipient and expert witnesses, photos of property damage, the scene of the crash, Plaintiff Fraga's injuries, property damage valuations, medical bills and records, investigator reports and testimony, and any other relevant evidence that is identified during discovery or prior to trial.

///

**Defendant United States' Statement:**

Pursuant to the Federal Tort Claims Act, the only proper federal defendant in this matter is the United States. Potential percipient witnesses are as follow: Alicia Fraga, Clifton Howard, Alejandro Tellez Ramirez, Sam J. Vaiana, Michelle Weber, Julie D. Lawrence, and Deputy Nicholas Sayer. Documents in possession of the United States relating to this case are as follow: California Traffic Collision Report, PS Form 1700, PS Form 1769, Standard Form 91, administrative claim and supporting document submitted by Plaintiff. The United States maintains that all discovery and claims of damages resulting from 'hiring, training, supervision, and retention of employees' is precluded by the Discretionary Function Exception ("DFE").

**Defendant Tellez Ramirez's Statement:**

Parties are Plaintiff Fraga, Defendant United States of America, and Defendant Tellez Ramirez.  Percipient witnesses include:  Plaintiff Fraga, Defendant Tellez Ramirez, United States employee Clifton Howard, Sam Viana (Corvette driver), Sheriff's Deputy Nicholas Saylor, Michelle Weber.  Expert witnesses are to be determined but will support Defendant Tellez Ramirez's contention that his vehicle only collided with the USPS driver and that impact did not cause the USPS driver to collide with Plaintiff Fraga. Evidence will include testimony of parties, percipient and expert witnesses, photos of property damage, the scene of the crash, investigator reports and testimony, and any other relevant evidence that is identified during discovery or prior to trial.

f. **Insurance**

The United States of America is self-insured.  Defendant Tellez Ramirez is insured by Alliance United.

g. **Manual for Complex Litigation**

The parties agree that the Manual for Complex Litigation need not be utilized in this case.

///

4

h. **Motions**

No party has served any formal discovery to date.

i. **Dispositive Motions**

The United States may file a motion for summary judgment after conducting discovery. The United States believes that the issue of liability may be determined by a motion for summary judgment.

Defendant Tellez Ramirez may file a motion for summary judgment after conducting discovery. Defendant Tellez Ramirez believes that the issue of liability may be determined by a motion for summary judgment.

j. **Status of Discovery**

No party has served any formal discovery to date.

k. **Discovery Plan**

i. **Rule 26(f)(3)(A) – Initial Disclosures.**

The Parties agree and propose that the Parties' Initial Disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure be due December 5, 2022.

ii. **Rule 26(f)(3)(B) – Subjects and Timing of Discovery**.

The Parties anticipate discovery on all matters relevant to their pending claims and defenses, including, but not limited to, liability and damages.

iii. **Rule 26(f)(3)(C) – Electronically Stored Information**.

The Parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information.

iv. **Rule 26(f)(3)(D) – Confidentiality and Privilege Issues.**

To date, the Parties have not requested any proprietary information. In the event confidentiality and privilege issues are to arise, the Parties agree to meet and confer as to appropriate steps to be taken to address such concerns.

v. **Rule 26(f)(3)(E) – Discovery Limitations.**

The Parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules governing written discovery except with regard to service. The

parties agree that initial and supplemental disclosures, initial and rebuttal, expert disclosures, written discovery (interrogatories, requests for production of documents, requests for admission), deposition notices and any other discovery or disclosure item that is required by the Federal Rules of Civil Procedure to be served by U.S. mail will be served via email only to the email address of record for counsel, and their support staff, for the parties, and that any document production that is too large to be served via email will be served by uploading the document production to USAfx (the Government's secure, cloud-based file-sharing platform).

The Parties agree to facilitate production of documents from third parties, such as medical and mental health providers by promptly signing any necessary authorizations for release of records by those third parties.

**l.      Discovery Cut-off**

The Defendants seeks discovery to establish liability (i.e.: the circumstances and cause(s) of the car crash in question) as well as discovery to establish Plaintiff's past and future damages. The Parties believe that discovery will be completed on or before July 14, 2023. The Parties do not believe that discovery should be conducted in phases or be limited to/focused on particular issues.

**m.      Expert Discovery**

The parties propose July 28, 2023 as the initial expert witness disclosure date, August 11, 2023 as the rebuttal disclosure date, and August 25, 2023 as the expert witness cutoff date.

**n.      Settlement Conference and Alternative Dispute Resolution ("ADR")**

The parties are willing to conduct a mediation session with a mediator to be agreed upon including potential neutrals selected from the Federal Court Mediation Panel.

**o.      Trial Estimate**

The parties anticipate a 3-4 day court trial.

///

    **p.**    **Trial Counsel**

Plaintiff Alicia Fraga is represented by:

Roy Huntsman
**McGEE, LERER & ASSOCIATES**
11845 W. Olympic Blvd., Suite 645W
Los Angeles, CA 90064
*Telephone (310) 231-9717*
*Facsimile (310) 231-9715*
roy@huntsmanlaw.com

Defendant Alejandro Tellez Ramirez is represented by:

Angelina R. Lane
**LAW OFFICES OF DAN D. ENDOSO & ASSOCIATES**
330 North Brand Boulevard, Suite 1200
Glendale, California 91203
Telephone: (818) 638-2050
Facsimile: (818) 638-2051
alane@kemper.com

Defendant United States is represented by:

Randy Hsieh
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6585
Facsimile: (213) 894-5719
E-mail: Randy.Hsieh@usdoj.gov

    **q.**    **Magistrate Judge**

The United States does not consent to a proceed before a magistrate judge at this time.

    **r.**    **Independent Expert or Master**

The Parties agree that no independent expert or master is needed in this case at this time.

    **s.**    **Schedule Worksheet**

The Parties propose the following pretrial and trial dates on the following page.

    **t.**    **Class Actions**

This case is not a class action.

u.  **Other Issues**

The Parties are not aware of any other issues affecting the status or management of the case at any time.

| Case No. 2:22-cv-02376-FWS-AS | Case Name: Fraga v. United States, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [ ] Jury Trial  or  [X] Bench Trial<br>**[Tuesday at 8:30 a.m., within 18 months after Complaint filed]**<br>Estimated Duration: __4 - 5__ Days | 01/23/2024 | 01/23/2024 (US)<br>01/23/2024 (T-R) | [ ] Jury Trial<br>[ ] Bench Trial<br>_____Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine*<br>**[Thursday at 8:30 a.m., at least 12 days before trial]** | 01/11/2024 | 01/11/2024 (US)<br>01/11/2024 (T-R) | |
| **Event** [1]<br>*Note:* Hearings shall be on Thursdays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |

| Event | Weeks Before FPTC | Pl(s)' Date | Def(s)' Date | Court Order |
|---|---|---|---|---|
| Last Date to **Hear** Motion to Amend Pleadings/Add Parties [Thursday] | | 12/29/2022 | 12/29/2022 (US)<br>12/29/2022 (T-R) | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for filing dispositive motions)** | 26 | 07/14/2023 | 07/14/2023 (US)<br>07/14/2023 (T-R) | |
| Expert Disclosure (Initial) | 24 | 07/28/2023 | 07/28/2023 (US)<br>07/28/2023 (T-R) | |
| Expert Disclosure (Rebuttal) | 22 | 08/11/2023 | 08/11/2023 (US)<br>08/11/2023 (T-R) | |
| Expert Discovery Cut-Off | 20[2] | 08/25/2023 | 08/25/2023 (US)<br>08/25/2023 (T-R) | |
| Last Date to **Hear** Motions [Thursday]<br>• Motion for Summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 10/19/2023 | 10/19/2023 (US)<br>10/19/2023 (T-R) | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>*Select one*: [ ] 1. Magistrate Judge (with Court approval)<br>[X] 2. Court's Mediation Panel<br>[ ] 3. Private Mediation | 10 | 10/03/2023 | 10/03/2023 (US)<br>10/03/2023 (T-R) | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions *in Limine* with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 3 | 12/22/2023 | 12/22/2023 (US)<br>12/22/2023 (T-R) | |

| **Trial Filings (second round)**<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 | 12/29/2023 | 12/29/2023 (US)<br>12/29/2023 (T-R) | |

                              Respectfully submitted,

Dated: November 10, 2022      **MCGEE, LERER & ASSOCIATES**

                                     */s/ Roy Huntsman*
                                    ROY HUNTSMAN, ESQ.*

                                    Attorney for Plaintiff Alicia Fraga

Dated: November 10, 2022      DAN D. ENDOSO & ASSOCIATES

                                   */s/ Angelina R. Lane*
                                    Angelina R. Lane, Esq.*

                                    Attorney for Defendant/Cross-Complainant, Alejandro Tellez Ramirez

Dated: November 10, 2022      E. MARTIN ESTRADA
                                    United States Attorney
                                    DAVID M. HARRIS
                                    Assistant United States Attorney
                                    Chief, Civil Division
                                    JOANNE S. OSINOFF
                                    Assistant United States Attorney
                                    Chief, General Civil Section

                                   */s/ Randy Hsieh*
                                    RANDY HSIEH
                                    Assistant United States Attorney

                                    Attorneys for Defendant United States of America

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.